IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SEAN MICHAEL HILL III,<br><br>            Plaintiff,<br><br>    vs.<br><br>DEPARTMENT OF GOVERNMENT EFFICIENCY; OFFICE OF MANAGEMENT AND BUDGET; OFFICE OF PERSONNEL MANAGEMENT; and EXECUTIVE OFFICE OF THE PRESIDENT,<br><br>            Defendants. | **8:25CV56**<br><br><br>**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS** |

This is an action by plaintiff Sean Michael Hill III, a self-proclaimed "unique entity" who "represented themselves and others, engaged in litigation, and public advocacy related to civil rights, judicial balance, government transparency, and implementation of administrative rules." Filing 35 at 2–3 (¶ 2). Hill is a former employee of the Nebraska Game and Parks Department who was terminated for "budgetary" reasons. Filing 35 at 28 (¶¶ 119, 125). Hill alleges,

> Plaintiff Hill has significant interest in the integrity of the Department of Government Efficiency (DOGE), and in preventing the proposal or enactment of any policies (executive orders) that would adversely affect government accountability, transparency, or violate the rights of State residents and workers.

Filing 35 at 3 (¶ 4). He alleges,

> Plaintiff Sean Michael Hill III brings this action against Defendants pursuant to the Federal Advisory Committee Act (FACA), 5 U.S.C. app. 2 §§ 1-16, The Administrative Procedure Act (APA), 5 U.S.C. § 701, *et seq*., the Mandamus Act, 28 U.S.C. § 1361, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the All Writs Act, 28 U.S.C. § 1651, and Court's power Judicial Review. *Marbury v. Madison (1803)*. Plaintiff seek[s] mandamus relief compelling Defendants to comply with the nondiscretionary requirements of FACA and APA; a declaration that Defendant EOP's executive order 14,158 is outside the scope of Constitutional Authority; a declaration that Defendants have violated said statutes; and other declaratory and injunctive relief which would have the effect of prohibiting Defendant Department of Government Efficiency (DOGE) from operating further – and prohibit Defendants Office of Management and Budget, Office of

1

> Personnel Management, and Executive Office of the President from interacting with DOGE – until Defendants have complied with all applicable laws and statutes.

Filing 35 at 2 (unnumbered first paragraph). This case is now before the Court on Defendants' Motion to Dismiss asserting lack of subject-matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Filing 49. For the reasons stated below, Defendants' Motion to Dismiss is granted for lack of subject-matter jurisdiction.

Hill asserts some ten claims that the DOGE is an "advisory committee" but does not comply with the requirements for membership of such an "advisory committee" under FACA; that DOGE has not filed an advisory committee charter; that DOGE has failed to conduct public meetings; that DOGE has not designated a federal officer; that these actions also violate the APA; that he is entitled to declaratory relief from the conduct in violation of the FACA; that Defendants have failed to preserve records; that the Defendants are acting in excess of agency authority in violation of the APA; that Defendants' actions are arbitrary and capricious in violation of the APA; and that Defendants are acting *ultra vires* outside governmental oversight. Filing 35.

Hill's general allegations of the resulting injuries consist of alleged financial injury to the State of Nebraska causing workers to be terminated, Filing 35 at 28 (¶ 122); his "sustained financial and psychological injuries" resulting from his termination, Filing 35 at 28 (¶ 126); and termination of leases and closure of "public-facing buildings" injuring federal workers, farmers, and "visitors to Nebraska's natural wonders" Filing 35 at 29 (¶ 128). Somewhat more specific allegations of injury in specific counts include that "Defendants' violations of FACA have injured Plaintiff and gov't [sic] workers by reducing State general fund [thus] depriving gov't agencies of funds and workers of essential resources," Filing 35 at 30 (¶ 139), 31 (¶ 148); that "Defendants' violations of FACA have injured Plaintiff and State workers by limiting ability to meaningfully participate in decisions which directly affect their livelihood," Filing 35 at 32 (¶ 162), 33 (¶ 169);

and that "Defendant's violations of FACA and the APA have injured Plaintiff and State workers by limiting ability to have a representative voice in a fair and balanced democratic system which Plaintiff is engaged," Filing 35 at 34 (¶ 178).

The Court concludes that dismissal of this action for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate. "[S]ubject matter jurisdiction is a threshold inquiry at any stage of a lawsuit brought in federal court." *Sorenson v. Sorenson*, 64 F.4th 969, 974 (8th Cir. 2023). "[I]f a plaintiff lacks standing to pursue a claim, there is no subject matter jurisdiction over the claim." *Henderson v. Springfield R-12 Sch. Dist.*, 163 F.4th 478, 491 (8th Cir. 2025). As the Eighth Circuit has explained,

> To have standing, a plaintiff must show three elements: (1) she suffered an injury in fact, (2) that is fairly traceable to the defendant, and (3) is likely redressable by a favorable decision by the court. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016). At this stage, we accept as true the evidence in the record detailing the "specific facts" supporting a plaintiff's claim when assessing whether a plaintiff has demonstrated standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

*Henderson*, 163 F.4th at 491. The burden of showing standing rests on the plaintiff. *Id.*

Defendants are correct that Hill cannot establish his standing to pursue this lawsuit. Hill has no sufficient allegation of any injury or that any injury is fairly traceable to Defendants. *Id.* (first and second requirements for standing). An "informational injury" from being unable to obtain information is not enough without any adverse effects. *Reporters Comm. for Freedom of the Press v. United States*, 94 F.4th 746, 752 n.5 (8th Cir. 2024). Even if he has somehow been denied information about DOGE, Hill has not alleged any injury that he has suffered or will suffer from DOGE not complying with the FACA. There are no facts in the Complaint plausibly alleging that his injuries, either informational or his termination, are fairly traceable to any failure of Defendants to comply with FACA—indeed, nothing but speculation connects actions of Defendants allegedly in violation of FACA to government cuts or his termination. "A plaintiff

'must show that his injury is fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" *Roberts v. Thompson,* 176 F.4th 1045, 1052 (8th Cir. 2026) (quoting *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 909–10 (8th Cir. 2016)). Only speculative leaps of reasoning make any connection here. As Defendants contend, Hill has not plausibly pleaded how he has standing to challenge in the abstract federal government actions as to funding provided to states and the effects upon state workers and more importantly to an effect on his own rights. Filing 50 at 8 (citing *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004)). Moreover, nothing but speculation suggests that even if the Court were to afford the relief Hill seeks—declaring that DOGE formation and activities violate the law, enjoining future meetings of DOGE and reliance on any recommendations by DOGE, and awarding him fees and costs—would reinstate Hill's state employment. *See* Filing 35 at 38–39 (prayer); *Henderson*, 163 F.4th at 491 (third requirement is redressability of the injury).

Hill's Opposition to Defendants' Motion to Dismiss, Filing 51, and his unauthorized sur-reply, Filing 53,[1] fail to respond to or even address these obvious shortcomings in his allegations of standing. His principal response is that "Defendants motion is premature and dismissal with prejudice would deprive Plaintiff [of] rights of discovery and to redress." Filing 51 at 2. Although a court has discretion to allow discovery in response to a motion to dismiss for lack of subject-matter jurisdiction, a court does not abuse that discretion when the plaintiff fails to explain how any discovery would establish a factual basis for subject-matter jurisdiction. *See Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008). The Court sees no reasonable chance that discovery will allow Hill to demonstrate subject-matter jurisdiction, and he has offered no basis to conclude

---

[1] NECivR 7.1 authorizes an opening brief, an opposition brief, and a reply, but states, "No party may file further briefs or evidence without the court's leave. If the moving party does not file an initial brief, it may not file a reply brief without the court's leave." NECivR 7.1(c)(3).

otherwise. Hill's only mention of standing in his Opposition is conclusory: "Plaintiff re-affirms they have met the requirements for their claim, have standing and their request for relief is judiciable." Filing 51 at 11. This conclusory statement does nothing to undermine the Court's analysis above.

Upon the foregoing,

IT IS ORDERED that Defendants' Motion to Dismiss, Filing 49, is granted, and this matter is dismissed in its entirety for lack of subject-matter jurisdiction.

Dated this 22nd day of June, 2026.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge